UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-25005-CV-DIMITROULEAS

JORGE ABEL GONZALEZ PEREZ,

      Petitioner,

v.

KROME NORTH SERVICE PROCESSING CENTER, ET AL.,

      Respondents.

                                     /

## **<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS CAUSE** is before the Court on Petitioner Jorge Abel Gonzalez Perez ("Petitioner")'s

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [DE 1], filed herein on July 24, 2026.

The Court has considered the Petition [DE 1] and the Response [DE 7], filed July 29, 2026, notes

that no Reply has been timely filed,[1] and is otherwise fully advised in the premises.

Petitioner is presently detained under 8 U.S.C. § 1231 as he is subject to a final order of

removal. When an alien receives a removal order, the Attorney General has 90 days to remove him

from the United States. 8 U.S.C. § 1231(a)(1)(A). The Attorney General must detain the alien

"[d]uring" his removal period, and may detain qualifying aliens "beyond" this removal

period. 8 U.S.C. § 1231(a)(6). Although § 1231(a)(6) does not contain an explicit time limit on

detention, the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), read an implicit

limitation into the statute "in light of the Constitution's demands" and held than an alien may be

detained only for a period of time "reasonably necessary to secure removal." *Zadvydas*, 533 U.S.

at 699. *Zadvydas* establishes that 90 additional days is presumptively reasonable under this

subsection, for a total of six months. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir.

---

[1] The Court's July 24, 2026 Order allowed Petitioner to file a Reply by August 3, 2026. *See* [DE 4].

2002). Thus, to state a claim under *Zadvydas*, the noncitizen must show post removal order detention in excess of six months, and "also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, an Immigration Judge ordered Petitioner Removed on to Cuba on August 13, 2019. Order of the Immigration Judge, [DE 7-6]. Petitioner did not appeal, so his Order of Removal became final. Sixteen days later, on August 29, 2019, Petitioner was released on an Order of Supervision. *See* Order of Supervision [DE 7-7]; Detention History, [7-6].   Six years later, following an extensive criminal history, Petitioner was encountered at the Palm Beach County jail, following an arrest based on an outstanding warrant for violation of probation, when ICE placed a detainer on Petitioner. On July 3, 2026, Petitioner was arrested and taken into custody at the Martin County Jail. On July 5, 2026, Petitioner was transferred to ICE custody.

Petitioner has not been detained by ICE for over six months pursuant to *Zadvydas* following his final order of removal. He has only been detained for thirty-five (35) days as of the filing of this Petition on July 24, 2026. *See* Detention History, [DE 7-4].   Accordingly, it is **ORDERED AND ADJUDGED** that his Petition [DE 1] is **DENIED**. The Clerk is directed to **MAIL** a copy of this Order to the address below. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 4th day of August, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record

**Jorge Abel Gonzalez Perez**
A# 076170256
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE